Joseph J. Mattes v. Commissioner.
Mattes v. Commissioner
Docket No. 21117.
United States Tax Court
1949 Tax Ct. Memo LEXIS 115; 8 T.C.M. (CCH) 708; T.C.M. (RIA) 49194; August 10, 1949
*115 Joseph J. Mattes, 5701 S. Narragansett, Ave., Chicago 38, Ill., pro se. D. F. Long, Esq., for the respondent. HARLAN Memorandum Findings of Fact and Opinion HARLAN, Judge: The Commissioner determined a deficiency in petitioner's income tax for the calendar years 1943, 1944 and 1945, in the respective amounts of $521.87, $201 and $914.61. The question involved is whether a short term capital loss occurring to petitioner in the taxable year 1941 may be carried over to his taxable years 1943, 1944 and 1945. Findings of Fact Petitioner is an individual residing at 5701 South Narragansett Avenue, Chicago, Ill. He filed the income tax returns involved herein with the collector of internal revenue for the first district of Illinois. In his returns for the years ending December 31, 1941, and December 31, 1942, he claimed net short term capital losses of $7,757.52 and $1,078.22, respectively. The 1942 loss was correctly increased by the Commissioner to $1,118.58. No capital gain having been reported in 1942, petitioner was allowed a capital loss offset against income in the amount of $1,000. In the "summary of capital gains and losses" on Schedule F of the 1942 return *116 petitioner claimed a total short term capital loss of $8,835.72 being the sum of the short term capital losses for 1941 and 1942 before correction of the 1942 capital losses as aforesaid. Petitioner's corrected capital transactions for the year 1943 as summarized are as follows: Net long term capital gain
$5,064.52
50 per cent to be taken into
account
$2,532.26
Net short term capital loss
( 271.42)
Corrected net capital gain
$2,260.84
As against this corrected net gain of $2,260.84, the petitioner claimed the right to offset $7,876.10 as a short term capital loss carried over from the years 1941 and 1942. The respondent in computing petitioner's deficiency for the year 1943, allowed the petitioner a capital loss carry-over for the year 1942 in the amount of $118.58 ($1,118.58 less $1,000) and disallowed the petitioner's claimed net short term capital loss carry-over from 1941 in the amount of $7,757.52. Petitioner's corrected capital transactions for 1944 are as follows: Short term capital gain
$41.28
Short term capital loss
( 79.03)
Net short term capital loss
($37.75)
The petitioner contends that in addition to the net *117 short term capital loss of $37.75, he should be allowed to carry over from his 1941 short term capital loss $962.25 so as to make his net capital loss for 1944 $1,000. The Commissioner allowed a net capital loss deduction of $37.75. A duly executed consent extending the period of limitation to June 30, 1949, upon assessment of income tax for the year ended December 31, 1944, was filed by the petitioner with the internal revenue agent in charge at Chicago, Ill., on April 21, 1947. Petitioner's corrected capital transactions in the aggregate for the year 1945 are as follows: Net short term capital gain
$3,547.53
Net long term capital gain
$5,079.38
50 per cent to be taken into
account
2,539.69
Corrected net capital gain
$6,087.22
Petitioner contends that the above net capital gain should be reduced by that part of his net short term capital loss carried over from the year 1941 which was not used by him in computing his income for the taxable years 1943 and 1944. This carry-over was disallowed by the Commissioner. Opinion Petitioner's rights pertaining to carrying over into a subsequent taxable year of his capital losses sustained in 1941 are *118 covered by section 117 (e) (2), I.R.C. which reads as follows: (e) Capital loss Carry-Over - * * *
"(2) Rule for Application of Capital Loss Carry-over from 1941. - The amount of the net short-term capital loss of the last taxable year beginning in 1941 (computed without regard to amounts treated as short-term capital losses from the preceding taxable year), which is not in excess of the net income for such taxable year, shall, to the extent of the net short-term capital gain for the succeeding taxable year (computed without regard to this paragraph), be a short-term capital loss of such succeeding taxable year." Inasmuch as the petitioner received no "net short-term capital gain for the succeeding taxable year", his capital loss for 1941 could not be carried over so as to affect his 1942 taxable income. The petitioner, who represented himself at the hearing and apparently did not have the benefit of professional advice either in the preparation of his pleadings or his brief, is evidently under the impression that he is entitled to a loss carry-over for his 1941 short term capital losses for a period of five years following 1941. A provision of this *119 character was executed in the 1942 Revenue Act and is set forth in section 117 (e) (1) of the Internal Revenue Code but unfortunately for the position of the petitioner herein, the five year carry-over privilege only applies to taxable years beginning after December 31, 1941. Section 117 (e) (1) reads as follows: "(e) Capital Loss Carry-Over. - (1) Method of Computation. - If for any taxable year beginning after December 31, 1941, the taxpayer has a net capital loss, the amount thereof shall be a short-term capital loss in each of the five succeeding taxable years to the extent that such amount exceeds the total of any net capital gains of any taxable years intervening between the taxable year in which the net capital loss arose and such succeeding taxable year. For purposes of this paragraph a net capital gain shall be computed without regard to such net capital loss or to any net capital losses arising in any such intervening taxable years." Inasmuch as the record discloses that the Commissioner has allowed the petitioner all of the capital loss carry-over privileges which are permitted by the Internal Revenue Code. Decision will be entered for the *120 respondent.